

ORIGINAL

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 21 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

KRONOTEX U.S.A. LLC,

    Plaintiff,

v.

FAUS GROUP, INC. and INDUSTRIAS
AUXILIARES FAUS, S.L.,

    Defendants.

Civil Action No.:

**JURY DEMANDED**

1:09-CV-2583

BBM

## COMPLAINT

Plaintiff, Kronotex U.S.A. LLC ("Kronotex"), by and through its attorneys, as and for its Complaint against defendants, Faus Group, Inc. and Industrias Auxiliares Faus, S.L. (collectively, "Faus" or "defendants"), alleges as follows:

### NATURE OF ACTION

1. This is an action for patent infringement of Kronotex's United States Patent No. 6,711,869, entitled "PROCESS OF LAYING FLOORBOARDS" ("the '869 Patent:" Exhibit 1), and for a declaratory judgment that the claims of United States Patent Nos. 6,401,415, entitled "DIRECT LAMINATED FLOOR" ("the '415 Patent:" Exhibit 2); 6,688,061, entitled "DIRECT LAMINATED FLOOR" ("the '061 Patent:" Exhibit 3); and 6,638,387, entitled "EMBOSSED-IN-REGISTER MANUFACTURING PROCESS" ("the '387 Patent:" Exhibit 4) (collectively "the Faus Patents") are not infringed by Kronotex and are invalid for

failing to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

## PARTIES

2. Kronotex is a limited liability corporation organized and existing under the laws of the State of South Carolina with its principal place of business at 810 Technology Drive, Barnwell, South Carolina 29812.

3. Upon information and belief, defendant Faus Group, Inc. is a corporation organized and existing under the laws of the State of Georgia with its principal place of business in this District. Faus Group, Inc. has authorized service of process through its registered agent, CT Corporation System, 1201 Peachtree Street, Atlanta, Georgia 30361.

4. Upon information and belief, defendant Industrias Auxiliares Faus, S.L. is a corporation organized and existing under the laws of Spain with its principal place of business at Avda. la Vall d'Albaida, 68, 46702 Gandia (Valencia), Spain. Upon information and belief, Faus Group, Inc. is a wholly-owned subsidiary of Industrias Auxiliares Faus, S.L and both companies collectively own the entire right, title, and interest in the Faus Patents.

## JURISDICTION AND VENUE

5.  This action arises under the Patent Laws of the United States, Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103 and 112, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Based on the allegations set forth herein, there is an actual controversy between Kronotex and Faus regarding validity and infringement of the Faus Patents.

6.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

7.  This Court has personal jurisdiction over Faus Group, Inc. because it is a Georgia corporation domiciled in Georgia.

8.  This Court has personal jurisdiction over Industrias Auxiliares Faus, S.L. pursuant to Ga. Code Ann. § 9-10-91, or, in the alternative, Rule 4(k)(2) of the Federal Rules of Civil Procedure.

9.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), (c), and (d), and § 1400(b).

## BACKGROUND

10. Kronotex is a pioneer and world leader in the business of manufacturing and selling laminated floorboard products. Kronotex's products are widely distributed throughout the United States and the world, and are available to

consumers at some of the most prestigious home improvement centers, including Lowe's® Companies, Inc. ("Lowe's").

11. Kronotex has invested millions of dollars in the development of its floorboard products and related intellectual property. Kronotex and its affiliates, including Kronotec AG ("Kronotec"), Kronotex GmbH, Kronospan Technical Company Ltd. ("Kronospan"), and Flooring Technologies, Ltd. ("Flooring Technologies") (collectively "the Kronotex Affiliates") currently hold numerous patents covering a wide range of seminal technologies employed by many laminated floorboard products sold throughout the world. One of these patents, the '869 Patent, is directed to processes for installing laminated floorboard products.

12. Faus, a competitor of Kronotex, is also in the business of manufacturing, distributing and selling laminated floor board products. Faus has sold and continues to sell its laminated floorboards throughout the United States with instructions directing customers to install its floorboards using installation methods covered by claims of the '869 Patent in violation of 35 U.S.C. § 271(b).

13. Despite Faus's clear infringement of the '869 Patent, by letter dated May 10, 2005, attorneys for Faus accused Kronotex of infringing the Faus Patents through its manufacture and sale of laminated flooring products. Faus disclosed that it had licensed the Faus Patents to two other companies, intended to license a

limited number of additional companies, and offered to discuss a license with Kronotex.

14. On or about February 2, 2006, representatives of Faus and Kronotex met to discuss Faus's allegations of patent infringement. The parties did not reach an agreement at this meeting.

15. On April 11, 2006, attorneys for Faus sent a letter to Kronotex in which Faus referred to its October 31, 2005 license offer and reminded Kronotex that it had licensed the Faus Patents to other companies and had instituted litigation involving the Faus Patents against three competitors.

16. Faus failed to initiate any communications with Kronotex or to file suit for patent infringement. In the meantime, Kronotex continued to invest in and grow its business of manufacturing and selling the laminated flooring products that Faus accused of infringement.

17. Faced with Faus's silence, beginning in February 2007, Kronotex contacted Faus on several occasions. Despite efforts continuing through May 2007, Kronotex was unable to arrange a meeting with Faus. During and following this time, Kronotex continued to grow its business of manufacturing and distributing laminate flooring products.

18. On March 17, 2008, after nearly two years of inaction, Faus's attorneys sent a third letter to Kronotex accusing Kronotex of patent infringement.

The letter also stated that Faus had directed its attorneys to pursue the matter with "renewed vigor" and conclude the matter within two to three weeks. (Exhibit 5).

19. Kronotex immediately requested additional information about Faus's claims. In response, on April 1, 2008, Faus identified the '415 and '061 patents as those allegedly infringed by Kronotex. Faus also accused the following product lines as infringing Faus's patents: Formica® Quintessa, Formica® Sienna, Kronotex® Sargasso Sale, Kronotex® Kimberly, and SwiftLock, which is a line manufactured by Kronotex for Lowe's.

20. Despite this letter and Faus's supposed "renewed vigor," Faus took no further action to assert or protect its rights until late 2008. Kronotex continued to grow its business in manufacturing and distributing laminate flooring products during this time.

21. In late 2008, Faus entered into discussions with Kronospan and Flooring Technologies regarding Faus's allegations of patent infringement against Kronotex. The final meeting between Kronospan, Flooring Technologies and Faus on May 12, 2009 did not result in a settlement or license.

22. On July 20, 2009, Faus sent a letter to Lowe's, a major customer of Kronotex, accusing Lowe's of infringing the '415 Patent through its sales of Kronotex's SwiftLock® Plantation Oak and Swiftlock® Gunstock Oak products.

(Exhibit 6). Faus demanded that Lowe's provide a detailed accounting and that Lowes cease and desist from further sales of these products.

23. On August 7, 2009, Faus sent a letter to Kronotex accusing it of infringing the Faus Patents through its manufacture and sale of laminate flooring, including its Formica® Gianna, Venetia, Ambra and Sienna lines, and its SwiftLock® Plantation Oak and Gunstock Oak products. (Exhibit 7). Faus demanded that Kronotex provide a detailed accounting and that Kronotex cease and desist from further sales of these products.

24. By letter dated September 14, 2009, Kronotex attempted to schedule a meeting with Faus to discuss Faus's infringement allegations. By letter that same day, Faus refused Kronotex's invitation, again accused Kronotex of infringement, and reiterated its demand that Kronotex provide it with a detailed accounting. (Exhibit 8).

25. Based on Faus's allegations that Kronotex infringes the Faus Patents, Kronotex had a reasonable apprehension that Faus would file suit against Kronotex. An actual and justiciable controversy exists between Kronotex and Faus as to whether the Faus Patents are valid and whether Kronotex's manufacture and sale of, *inter alia*, the following laminate flooring products identified in Faus's letters infringe the Faus Patents: Formica® Quintessa, Sienna, Gianna, Venetia, and Ambra; Kronotex® Sargasso Slate, Kronotex® Kimberly, and SwiftLock®

Plantation Oak and Gunstock Oak (collectively, the "Identified Floorboard Products").

## COUNT I

### (Inducement to Infringe the '869 Patent)

26. Kronotex repeats and realleges each and every allegation contained in paragraphs 1-25 as if fully set forth herein.

27. The '869 Patent was duly and legally issued by the United States Patent and Trademark Office on March 30, 2004.

28. Kronotex is the sole owner by assignment of the '869 Patent.

29. Upon information and belief, Faus has been and is now inducing infringement of the '869 Patent by selling floorboards (including, but not limited to the Real Touch and Real Touch Elite product lines) with instructions directing customers to install its floorboards using installation methods covered by claims of the '869 Patent in violation of 35 U.S.C. § 271(b).

30. Kronotex has suffered and will continue to suffer serious irreparable injury unless Faus is enjoined from inducing infringement of the '869 Patent.

31. As a result of Faus's wrongful conduct, Kronotex has been damaged in an amount to be determined at trial but in no case less than a reasonable royalty.

## COUNT II

### (Declaratory Judgment of Invalidity of the '415 Patent)

32. Kronotex repeats and realleges each and every allegation contained in paragraphs 1-31 as if fully set forth herein.

33. The '415 Patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

34. An actual, substantial and immediate controversy exists between Kronotex and Faus as to whether the claims of the '415 Patent are valid.

35. Kronotex is, thus, entitled to a declaration that the claims of the '415 Patent are invalid.

## COUNT III

### (Declaratory Judgment of Invalidity of the '061 Patent)

36. Kronotex repeats and realleges each and every allegation contained in paragraphs 1-35 as if fully set forth herein.

37. The '061 Patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

38. An actual, substantial and immediate controversy exists between Kronotex and Faus as to whether the claims of the '061 Patent are valid.

39. Kronotex is, thus, entitled to a declaration that the claims of the '061 Patent are invalid.

## COUNT IV

### (Declaratory Judgment of Invalidity of the '387 Patent)

40. Kronotex repeats and realleges each and every allegation contained in paragraphs 1-39 as if fully set forth herein.

41. The '387 Patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

42. An actual, substantial and immediate controversy exists between Kronotex and Faus as to whether the claims of the '387 Patent are valid.

43. Kronotex is, thus, entitled to a declaration that the claims of the '387 Patent are invalid.

## COUNT V

### (Declaratory Judgment of Non-Infringement of the '415 Patent)

44. Kronotex repeats and realleges each and every allegation contained in paragraphs 1-43 as if fully set forth herein.

45. Kronotex has not infringed and does not infringe any valid claim of the '415 Patent.

46. An actual, substantial and immediate controversy exists between Kronotex and Faus as to whether the use, making, sale or offering for sale of the Identified Floorboard Products infringes any valid claim of the '415 Patent.

47. Kronotex is, thus, entitled to a declaration that the claims of the '415 Patent are not infringed by Kronotex's use, making, sale or offering for sale of the Identified Floorboard Products.

## COUNT VI

### (Declaratory Judgment of Non-Infringement of the '061 Patent)

48. Kronotex repeats and realleges each and every allegation contained in paragraphs 1-47 as if fully set forth herein.

49. Kronotex has not infringed and does not infringe any valid claim of the '061 Patent.

50. An actual, substantial and immediate controversy exists between Kronotex and Faus as to whether the use, making, sale or offering for sale of the Identified Floorboard Products infringes any valid claim of the '061 Patent.

51. Kronotex is, thus, entitled to a declaration that the claims of the '061 Patent are not infringed by Kronotex's use, making, sale or offering for sale of the Identified Floorboard Products.

## COUNT VII

**(Declaratory Judgment of Non-Infringement of the '387 Patent)**

52. Kronotex repeats and realleges each and every allegation contained in paragraphs 1-51 as if fully set forth herein.

53. Kronotex has not infringed and does not infringe any valid claim of the '387 Patent.

54. An actual, substantial and immediate controversy exists between Kronotex and Faus as to whether the use, making, sale or offering for sale of the Identified Floorboard Products infringes any valid claim of the '387 Patent.

55. Kronotex is, thus, entitled to a declaration that the claims of the '387 Patent are not infringed by Kronotex's use, making, sale or offering for sale of the Identified Floorboard Products.

## COUNT VIII

**(Declaratory Judgment of Equitable Estoppel)**

56. Kronotex repeats and realleges each and every allegation contained in paragraphs 1-55 as if fully set forth herein.

57. Upon information and belief, Faus has known since at least 2005 that Kronotex has been manufacturing and selling various of the Identified Floorboard Products in the United States.

58. On at least three occasions since 2005, Faus accused Kronotex of infringement of the Faus Patents and demanded that Kronotex cease and desist its manufacturing and sale of the Identified Floorboard Products.

59. Although Faus has been aware for many years of Kronotex's manufacture and sale of the Identified Floorboard Products, Faus never took action to enforce the Faus Patents against Kronotex

60. Kronotex reasonably relied on Faus's knowledge of Kronotex's manufacture and sale of the Identified Floorboard Products and on Faus's failure to take action to enforce the Faus Patents in concluding that Faus had abandoned any claim against Kronotex for infringement of the Faus Patents.

61. Since Faus's first accusation of infringement in 2005, Kronotex has invested substantial financial and other resources into developing, manufacturing and commercializing the Identified Floorboard Products.

62. Due to Kronotex's reasonable and detrimental reliance on Faus's conduct, Kronotex will be materially prejudiced and irreparably harmed if Faus is allowed to proceed with a claim against Kronotex for infringement of one or more of the Faus Patents.

63. Kronotex is therefore entitled to a declaration that Faus is equitably estopped from bringing a claim of infringement of any of the Faus Patents against Kronotex.

## COUNT IX

### (Declaratory Judgment of Laches)

64. Kronotex repeats and realleges each and every allegation contained in paragraphs 1-63 as if fully set forth herein.

65. Upon information and belief, Faus has known since at least 2005 that Kronotex has been manufacturing and selling various of the Identified Floorboard Products in the United States.

66. Nevertheless, Faus has unreasonably and inexcusably delayed in bringing suit against Kronotex for infringement of the Faus Patents.

67. Kronotex has suffered material prejudice attributable to Faus's unreasonable and inexcusable delay.

68. Kronotex is therefore entitled to a declaration that Faus is barred under the doctrine of laches from bringing a claim of infringement of any of the Faus Patents against Kronotex.

### PRAYER FOR RELIEF

WHEREFORE, Kronotex demands a trial by jury and hereby respectfully requests:

A. a judgment that Faus has induced and continues to induce infringement of the '869 Patent in violation of 35 U.S.C. § 271(b);

B. a judgment pursuant to 35 U.S.C. § 283 permanently enjoining Faus, and all persons in active concert or participation with Faus, from any further acts inducing infringement of the '869 Patent;

C. an award of damages, pursuant to 35 U.S.C. § 284, adequate to compensate Kronotex for Faus's inducement to infringe the '869 Patent, in an amount to be determined at trial, but in no event less than a reasonable royalty;

D. a declaratory judgment that the '415 Patent is invalid;

E. a declaratory judgment that the '061 Patent is invalid;

F. a declaratory judgment that the '387 Patent is invalid;

G. a declaratory judgment that the claims of the '415 Patent are not infringed by Kronotex's use, making, sale or offering for sale of the Identified Floorboard Products;

H. a declaratory judgment that the claims of the '061 Patent are not infringed by Kronotex's use, making, sale or offering for sale of the Identified Floorboard Products;

I. a declaratory judgment that the claims of the '387 Patent are not infringed by Kronotex's use, making, sale or offering for sale of the Identified Floorboard Products;

J. a judgment pursuant to 35 U.S.C. §§ 284, 285 awarding to Kronotex interest on damages, costs and attorneys' fees; and

K.  such further relief as the Court may deem just and proper.

This 21st day of September, 2009.

**Wagner, Johnston & Rosenthal, P.C.**

By: _____
C. David Johnston
Georgia Bar No. 396150
S. Bradley Shipe
Georgia Bar No. 643015
Attorneys for Plaintiff

Suite 300
5855 Sandy Springs Circle
Atlanta, Georgia 30328
(404) 261-0500
Email:  cdj@wjrlaw.com
         sbshipe@wjrlaw.com

## RULE 5.1 CERTIFICATE

The undersigned certifies that the foregoing document is prepared in Times New Roman 14-point font.

**Wagner, Johnston & Rosenthal, P.C.**

By: _/s/_____
Attorneys for Plaintiff